[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15145
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00048-LGW-JEG

COREY H. DENNIS,

Plaintiff-Appellant,

versus

WARDEN, WARE STATE PRISON,
STEPHEN STEELE,
JOHNNY PETERSON, CO,
Ware State Prison,
BRIGMAN MOORE,
CO, Ware State Prison,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 22, 2016)

Before HULL, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Corey Dennis, proceeding *pro se*, appeals the district court's dismissal of his claims against defendants Warden Darrell Hart, Officer Johnny Peterson, and Officer Brigman Moore, and grant of summary judgment in favor of defendant Stephen Steele, in his civil rights lawsuit brought under 42 U.S.C. § 1983.  On appeal, Dennis repeats the factual allegations in his complaint and argues that the defendants are liable for deliberate indifference to Dennis's serious medical needs.

As an initial matter, we have held that a "legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."  *Access Now, Inc. v. Sw Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  On appeal, Dennis fails to address the dismissal of his claims against defendants Warden Hart, Officer Moore, and Officer Peterson, therefore, any arguments about those dismissals are abandoned.  This leaves only the grant of summary judgment as to defendant Steele.

We review *de novo* the district court's grant of summary judgment and apply the same standard used by the district court.  *Burton v. Tampa Housing Auth.*, 271 F.3d 1274, 1276-77 (11th Cir. 2001).  Summary judgment is appropriate only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477

2

U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  In reviewing the district court's decision, we consider the record in the light most favorable to the non-moving party.  *Burton*, 271 F.3d at 1277.

To succeed on a § 1983 action, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law."  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison.  *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003).  Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).

To show an objectively serious deprivation of medical care, the inmate must demonstrate: (1) "an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm," and (2) "that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law."  *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (alterations, citations, and quotation marks omitted).  An inmate must also show that the prison official acted with the required subjective intent to punish by demonstrating: (1) "awareness of facts from

which the inference could be drawn that a substantial risk of serious harm exist[ed]," and (2) the drawing of this inference. *Id.* (alteration and quotation marks omitted). Therefore, in total, a plaintiff must show four requirements: (1) "an objectively serious need," (2) "an objectively insufficient response to that need," (3) "subjective awareness of facts signaling the need," and (4) "an actual inference of required actions from those facts." *Id*.

Upon review of the record and consideration of the parties' briefs, we affirm.

Viewing the facts in the light most favorable to Dennis, he failed to present evidence showing a genuine issue of material fact as to whether Officer Steele was deliberately indifferent to his serious medical needs. Even assuming, as the parties have, that Dennis's epilepsy was a serious medical need, Dennis failed to show that Officer Steele's actions constituted an unnecessary and wanton infliction of pain. *See Taylor*, 221 F.3d at 1258. At most, Dennis provides evidence, in the form of his own deposition, that Officer Steele knew he had epilepsy, and that Dennis had requested to be seen by "medical" after falling down the stairs. Dennis has not shown that Officer Steele knew that the fall could cause Dennis to have a seizure, or that Dennis told Officer Steele he felt as if he was going to have a seizure. Moreover, although Dennis testified that Officer Steele placed him in a shower and left him there for over an hour, where he had a seizure and harmed himself, he did

4

not testify that Officer Steele had any knowledge that Dennis had a seizure in the shower.  Furthermore, Officer Steele provided affidavits from medical personnel at the prison that their records indicated that, when Dennis was examined 10 hours after the alleged incident, he did not have a bump on his head, or any other sign of injury.  As a result, at the most, Dennis provided evidence that Officer Steele was arguably negligent in his failure to take him to medical after he fell down the stairs. Such a claim of negligence is insufficient to support a § 1983 claim for deliberate indifference.  *See Taylor*, 221 F.3d at 1258.  Because there were no genuine issues of material fact, Officer Steele was entitled to judgment as a matter of law.  Thus, the district court properly granted summary judgment to Officer Steele. Accordingly, we affirm.

**AFFIRMED.**